IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUMITOMO PHARMA SWITZERLAND )
GMBH, SUMITOMO PHARMA AMERICA, )
INC., TAKEDA PHARMACEUTICAL )
COMPANY LIMITED, TAKEDA )
PHARMACEUTICALS INTERNATIONAL )
AG, and PFIZER INC., )
             )
             Plaintiffs, )
             )
     v. )    C.A. No. <u>1:25-cv-00343-UNA</u>
             )
             )
AIZANT DRUG RESEARCH SOLUTIONS )
PRIVATE LIMITED, )
             )
             Defendant. )

## COMPLAINT FOR PATENT INFRINGEMENT

1.       This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 et. seq., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, against Defendant Aizant Drug Research Solutions Private Limited ("Aizant"). This action arises out of the submission by Aizant of Abbreviated New Drug Application ("ANDA") No. 220197 (the "Aizant ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell 120 mg tablets of relugolix, a generic version of Orgovyx® (the "ANDA Product"), prior to the expiration of U.S. Patent Nos. 11,795,178, 12,097,198, and 12,144,809 (collectively, the "Patents-in-Suit").

## PARTIES

2.       Plaintiff Sumitomo Pharma Switzerland GmbH ("SMPS") is a corporation organized and existing under the laws of Switzerland, with its principal place of business at Aeschengraben 27, 4051 Basel, Switzerland.

3.     Plaintiff Sumitomo Pharma America, Inc. ("SMPA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, MA 01752.

4.     Plaintiff Takeda Pharmaceutical Company Limited ("Takeda") is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka 540-8645, Japan.

5.     Plaintiff Takeda Pharmaceuticals International AG ("Takeda International") is a corporation organized and existing under the laws of Switzerland, with its principal place of business at Thurgauerstrasse 130, Glattpark-Opfikon, Zurich, 8152, Switzerland.

6.     Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 66 Hudson Boulevard East, New York, New York 10001.

7.     Plaintiffs SMPS, SMPA, Takeda, Takeda International, and Pfizer are referred to collectively herein as "Plaintiffs."

8.     Upon information and belief, Aizant is a corporation organized and existing under the laws of India, with its principal place of business at Sy No. 172/173, Quthbullapur Mandal, Apparel Park Rd, Dulapally, Hyderabad, Telangana 500100, India.

9.     Upon information and belief, Aizant, itself and through its subsidiaries and agents, develops, manufactures, markets, distributes, and/or imports pharmaceutical products for sale and use throughout the United States, including in Delaware.

10.     Upon information and belief, Aizant is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

11.    Upon information and belief, following any FDA approval of the Aizant ANDA, Aizant will make, use, offer to sell, and/or sell the ANDA Product that is the subject of the Aizant ANDA throughout the United States, including in Delaware, and/or import such generic products into the United States, including into Delaware.

## JURISDICTION AND VENUE

12.    This case arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.    This Court has personal jurisdiction over Aizant because, among other things, Aizant has committed, contributed to, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. §§ 271(a), (b) and/or (c), including in Delaware.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs.  For example, upon information and belief, following approval of the Aizant ANDA, Aizant either directly or indirectly through affiliated companies or agents will make, use, import, sell, and/or offer for sale the ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

14.    The Court also has personal jurisdiction over Aizant because, among other things, this action arises from actions of Aizant directed toward Delaware, and because Aizant has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware.  Upon information and belief, Aizant regularly and continuously transacts business within Delaware, including by selling pharmaceutical products in Delaware either directly or indirectly through affiliated companies or agents.  Upon information

and belief, Aizant derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

15.    The Court also has personal jurisdiction over Aizant pursuant to Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) because: (a) Aizant is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that Aizant is not subject to personal jurisdiction in the courts of any state,  Plaintiffs' claims arise under federal law and Aizant has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Aizant satisfies due process.

16.    Aizant has also previously availed itself of this forum for the purpose of litigating its patent infringement disputes, including filing counterclaims in patent infringement disputes, including in:

- *Pfizer Inc. et al. v. Aizant Drug Research Sols. Priv. Ltd.*, C.A. No. 21-34-CFC (D. Del.)

- *Pfizer Inc. et al. v. Aizant Drug Research Sols. Priv. Ltd.*, C.A. No. 19-743-CFC (D. Del.)

- *Genzyme Corp. et al. v. Aizant Drug Research Sols. Priv. Ltd.*, C.A. No. 18-1734-CFC (D. Del.)

- *Boehringer Ingelheim Pharms. Inc. et al. v. Aizant Drug Research Sols. Priv. Ltd.*, C.A. No. 19-1492-UNA (D. Del.)

- *Genentech, Inc. v. Aizant Drug Research Sols. Priv. Ltd.*, C.A. No. 19-223-UNA (D. Del.)

- *Genzyme Corp. et al. v. Aizant Drug Research Sols. Priv. Ltd.*, C.A. No. 18-1837-CFC (D. Del.)

- *Boehringer Ingelheim Pharms. Inc. et al. v. Aizant Drug Research Sols. Priv. Ltd.*, C.A. No. 18-1783-UNA (D. Del.)

17.     Venue is proper in this Court as to Aizant under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Aizant is a foreign corporation and may thus be sued in any judicial district.

## BACKGROUND

18.     Orgovyx® (relugolix) is a nonpeptide GnRH receptor antagonist, for oral administration, approved by the FDA for the treatment of adult patients with advanced prostate cancer. Orgovyx® is marketed in the United States pursuant to New Drug Application (NDA) No. 214621, which was approved by the FDA on December 18, 2020. SMPS holds the NDA for Orgovyx®.

19.     The Patents-in-Suit cover Orgovyx® and/or its FDA-approved methods of use, and have been properly listed in connection with Orgovyx® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

20.     U.S. Patent No. 11,795,178 (the "'178 Patent"), titled "Compositions of Thienopyrimidine Derivatives" (Ex. A), was duly and legally issued on October 24, 2023 and will expire on September 27, 2033. Takeda owns the '178 Patent.

21.     U.S. Patent No. 12,097,198 (the "'198 Patent"), titled "Treatment of Prostate Cancer," (Ex. B), was duly and legally issued on September 24, 2024 and will expire on September 29, 2037. SMPS and Takeda jointly own the '198 Patent.

22.     U.S. Patent No. 12,144,809 (the "'809 Patent"), titled "Treatment of Prostate Cancer," (Ex. C), was duly and legally issued on November 19, 2024 and will expire on September 29, 2037. SMPS and Takeda jointly own the '809 Patent.

23.     Takeda International, SMPS, and Pfizer are exclusive licensees of the Patents-in-Suit.

24.    Orgovyx® is marketed and sold by SMPA and Pfizer throughout the United States, including in Delaware.

25.    By letter dated February 5, 2025, Aizant notified SMPA and Takeda that Aizant had submitted the Aizant ANDA to the FDA for approval of relugolix tablets, 120 mg, a generic version of Orgovyx®.

26.    By submitting the Aizant ANDA, Aizant has represented to the FDA that the ANDA Product has the same active ingredient as Orgovyx®, has the same dosage form and strength as Orgovyx®, and is bioequivalent to Orgovyx®.

27.    In Aizant's Paragraph IV Notice Letter (Feb. 5, 2025) ("Notice Letter"), Aizant stated that its ANDA included a paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the Patents-in-Suit, and alleged that the Patents-in-Suit are invalid or will not be infringed by the commercial manufacture, use, or sale of the ANDA Product.  The Notice Letter further stated that Aizant is seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the ANDA Product before the Patents-in-Suit expire.

28.    Upon information and belief, Aizant had knowledge of the Patents-in-Suit no later than when the Aizant ANDA was submitted to the FDA.

29.    Prior to filing this Complaint, Counsel for Plaintiffs obtained and reviewed portions of the Aizant ANDA produced by Aizant pursuant to an agreed Offer of Confidential Access.

30.    Upon information and belief, Aizant intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the ANDA Product immediately and imminently upon approval of the Aizant ANDA.

31.    This action is being commenced before the expiration of 45 days from the date of Plaintiffs' receipt of the Notice Letter.

**CLAIMS FOR RELIEF**

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 11,795,178**

32.      Plaintiffs incorporate each of the preceding paragraphs 1-31 as if fully set forth herein.

33.      Aizant's submission of the Aizant ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '178 Patent constituted an act of infringement of at least claims 1-6, 9-11, 14-19, 25-29 of the '178 Patent, under 35 U.S.C. § 271(e)(2)(A).  In the Notice Letter, Aizant did not present any allegations that it will not infringe claims 1-6, 9-11, 14-19, 25-29 of the '178 Patent.

34.      Aizant's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '178 Patent, and Aizant's inducement of and/or contribution to such conduct, would further infringe at least claims 1-6, 9-11, 14-19, 25-29 of the '178 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

35.      Upon FDA approval of the Aizant ANDA, Aizant will infringe at least claims 1-6, 9-11, 14-19, 25-29 of the '178 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of at least claims 1-6, 9-11, 14-19, 25-29 of the '178 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by the Court.  Such infringement is imminent because, among other things, Aizant has notified Plaintiffs of the submission of Aizant's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '178 Patent.

36.     Upon information and belief, Aizant will actively induce infringement of at least claims 1-6, 9-11, 14-19, 25-29 of the '178 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States.  Upon information and belief, immediately and imminently upon FDA approval of the Aizant ANDA, Aizant will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '178 Patent and with knowledge that its acts are encouraging infringement.

37.      Unless enjoined by this Court, upon FDA approval of the Aizant ANDA, Aizant will contributorily infringe at least claims 1-6, 9-11, 14-19, 25-29 of the '178 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient in the United States.  The ANDA Product and/or its active ingredient constitute a material part of the inventions of the claims of the '178 Patent.  Upon information and belief, Aizant knows that the ANDA Product and/or its active ingredient are especially made or adapted for use in infringing the '178 Patent, and that the ANDA Product and/or its active ingredient are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, Aizant plans and intends to, and will, contribute to the infringement of the '178 Patent immediately and imminently upon approval of the Aizant ANDA.

38.     A substantial and justiciable controversy exists between the parties as to the infringement of the '178 Patent.

39.     Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Aizant's making, using, offering to sell, selling, and/or importing the ANDA Product will infringe the '178 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

40.     Upon information and belief, Aizant acted, and upon FDA approval of the Aizant ANDA, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '178 Patent.  This is an exceptional case.

41.     Unless Aizant is enjoined from directly or indirectly infringing the '178 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 12,097,198

42.     Plaintiffs incorporate each of the preceding paragraphs 1-41 as if fully set forth herein.

43.     Aizant's submission of the Aizant ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '198 Patent constituted an act of infringement at least claims 1-2, 4-6, and 10-12 of the '198 Patent, under 35 U.S.C. § 271(e)(2)(A).  In the Notice Letter, Aizant did not present any allegations that it will not infringe claims 1-2, 4-6, and 10-12 of the '198 Patent.

44.     Aizant's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '198 Patent, and Aizant's inducement of and/or contribution to such conduct, would further infringe at least claims 1-2, 4-6, and 10-12 of the '198 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

45.     Upon FDA approval of the Aizant ANDA, Aizant will infringe at least claims 1-2, 4-6, and 10-12 of the '198 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '198 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by

the Court.  Such infringement is imminent because, among other things, Aizant has notified Plaintiffs of the submission of Aizant's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '198 Patent.

46.    Upon information and belief, Aizant will actively induce infringement of at least claims 1-2, 4-6, and 10-12 of the '198 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States.  Upon information and belief, immediately and imminently upon FDA approval of the Aizant ANDA, Aizant will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '198 Patent and with knowledge that its acts are encouraging infringement.  For example, marketing the ANDA Product with its proposed labeling will induce healthcare providers and patients to practice the claimed methods of the '198 Patent.

47.    Unless enjoined by this Court, upon FDA approval of the Aizant ANDA, Aizant will contributorily infringe at least claims 1-2, 4-6, and 10-12 of the '198 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and its proposed labeling in the United States.  The ANDA Product and its proposed labeling are materials for use in practicing methods claimed in the '198 Patent and constitute a material part of those claims' inventions.  Upon information and belief, Aizant knows that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '198 Patent, and that the ANDA Product and its proposed labeling are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, Aizant plans and intends to, and will,

contribute to the infringement of the '198 Patent immediately and imminently upon approval of the Aizant ANDA.

48.    A substantial and justiciable controversy exists between the parties as to the infringement of the '198 Patent.

49.    Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Aizant's making, using, offering to sell, selling, and/or importing the ANDA Product, inducement thereof or contribution thereto, will infringe the '198 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

50.    Upon information and belief, Aizant acted, and upon FDA approval of the Aizant ANDA, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '198 Patent.  This is an exceptional case.

51.    Unless Aizant is enjoined from directly or indirectly infringing the '198 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 12,144,809

52.    Plaintiffs incorporate each of the preceding paragraphs 1-51 as if fully set forth herein.

53.    Aizant's submission of the Aizant ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '809 Patent constituted an act of infringement of at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent, under 35 U.S.C. § 271(e)(2)(A).  In the Notice Letter, Aizant did not present any allegations that it will not infringe at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent.

54.    Aizant's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '809 Patent, and Aizant's inducement of and/or contribution to such conduct, would further infringe at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

55.    Upon FDA approval of the Aizant ANDA, Aizant will infringe at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '809 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by the Court.  Such infringement is imminent because, among other things, Aizant has notified Plaintiffs of the submission of Aizant's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '809 Patent.

56.    Upon information and belief, Aizant will actively induce infringement of at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States.  Upon information and belief, immediately and imminently upon FDA approval of the Aizant ANDA, Aizant will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '809 Patent and with knowledge that its acts are encouraging infringement. For example, marketing the ANDA Product with its proposed labeling will induce healthcare providers and patients to practice the claimed methods of the '809 Patent.

57.     Unless enjoined by this Court, upon FDA approval of the Aizant ANDA, Aizant will contributorily infringe at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and its proposed labeling in the United States.  The ANDA Product and its proposed labeling are materials for use in practicing methods claimed in the '809 Patent and constitute a material part of those claims' inventions.  Upon information and belief, Aizant knows that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '809 Patent, and that the ANDA Product and its proposed labeling are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, Aizant plans and intends to, and will, contribute to the infringement of the '809 Patent immediately and imminently upon approval of the Aizant ANDA.

58.     A substantial and justiciable controversy exists between the parties as to the infringement of the '809 Patent.

59.     Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Aizant's making, using, offering to sell, selling, and/or importing the ANDA Product, inducement thereof or contribution thereto, will infringe the '809 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

60.     Upon information and belief, Aizant acted, and upon FDA approval of the Aizant ANDA, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '809 Patent.  This is an exceptional case.

61.     Unless Aizant is enjoined from directly or indirectly infringing the '809 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask that this Court grant the following relief:

(a)    A judgment that the claims of the '178 Patent, the '198 Patent, and the '809 Patent were infringed by Aizant's submission of the Aizant ANDA under 35 U.S.C. § 271(e)(2)(A), and that Aizant's manufacture, use, offer to sell, sale, or importation of the ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '178 Patent, the '198 Patent, and the '809 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, will infringe the '178 Patent, the '198 Patent, and the '809 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

(b)    A judgment that the claims of the '178 Patent, the '198 Patent, and the '809 Patent are not invalid;

(c)    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Aizant ANDA shall not be earlier than the expiration of the '178 Patent, the '198 Patent, and the '809 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(d)    A declaratory judgment that Aizant's manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the ANDA Product and/or its active ingredient prior to the expiration of the '178 Patent, the '198 Patent, and the '809 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, would infringe the '178 Patent, the '198 Patent, and the '809 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

(e)    An Order permanently enjoining Aizant and its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with Aizant, from

making, using, offering to sell, selling, or importing the ANDA Product and/or its active ingredient until after the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(f)    Damages or other monetary relief, including costs, attorneys' fees, pre-judgement interest and post-judgment interest to Plaintiffs if Aizant engages in commercial manufacture, use, offers to sell, sale, or importation into the United States of the ANDA Product prior to the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(g)    Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 entitling Plaintiffs to their attorneys' fees and enhanced damages; and

(h)    Such further and other relief as this Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

*/s/ Karen Jacobs*

Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Jacqueline W. Vieira
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Karen Jacobs (#2881)
Rodger D. Smith II (#3778)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
rsmith@morrisnichols.com
jying@morrisnichols.com

Scott G. Greene
Cindy Kan, Ph.D.
Mary Pheng
Gillian T. Farrell
Xinni Cai
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

*Attorneys for Plaintiffs Sumitomo Pharma
Switzerland GmbH, Sumitomo Pharma America,
Inc., Takeda Pharmaceutical Company Limited,
Takeda Pharmaceuticals International AG, and
Pfizer Inc.*

*Attorneys for Plaintiffs Sumitomo Pharma
Switzerland GmbH, Sumitomo Pharma
America, Inc., Takeda Pharmaceutical
Company Limited, and Takeda
Pharmaceuticals International AG*

David De Lorenzi
Christopher Strate
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs Sumitomo Pharma
Switzerland GmbH, Sumitomo Pharma
America, Inc., Takeda Pharmaceutical
Company Limited, Takeda Pharmaceuticals
International AG, and Pfizer Inc.*

March 19, 2025